SUMMARY ORDER

Petitioner Shi-Lin Zhao, a native and citizen of China, seeks review of a December 30, 2008 order of the BIA affirming the November 15, 2006 decision of Immigration Judge (“IJ”) Douglas B. Schoppert denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Shi-Lin Zhao, No. A095 716 421 (B.I.A. Dec. 30, 2008), aff'g No. A095 716 421 (Immig. Ct. N.Y. City Nov. 15, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion affirming the IJ’s decision, in part, and modifying it, in part, we review the IJ’s decision as modified by the BIA, confining our review to the rationale of the IJ on which the BIA relied. Dong Gao v. BIA, 482 F.3d 122, 125 (2d Cir.2007). Thus, because the BIA assumed Zhao’s credibility, we will do the same. See Yan Chen v. Gonzales, 417 F.3d 268, 271-72 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). “We review de novo questions of law and the application of law to undisputed fact.” Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
1. Forced Marriage Claim
In challenging the agency’s rejection of her forced marriage claim, Zhao argues only that the IJ’s adverse credibility determination was erroneous. However, the BIA did not affirm that determination, concluding instead that Zhao failed to meet her burden because the mistreatment she suffered did not rise to the level of persecution. Even broadly construed, Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir.2002), Zhao’s pro se brief does not challenge the BIA’s finding that she failed to meet her burden of proof. Indeed, Zhao does not even assert that she was persecuted in the past. Thus, we will not disturb the BIA’s burden of proof finding with respect to Zhao’s forced marriage claim. See 8 U.S.C. § 1252(b)(4)(B).
*736 2. Religious Persecution Claim
The agency also reasonably found that Zhao failed to meet her burden in establishing an objectively reasonable fear of persecution based on her newly-adopted religion. To establish asylum eligibility based on a fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir. 2004). A fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best.” Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005). Here, the IJ found that Zhao’s claim was too speculative to merit relief because she had not shown that she would continue to practice her religion, much less practice it in an illegal manner which would potentially subject her to mistreatment. Despite Zhao’s arguments, the IJ reasonably found that her fear was imper-missibly speculative given that: (1) she testified that she had only been practicing her religion since March 2006, after she entered the United States; (2) she testified that she was aware that government-sanctioned churches exist in China; and (3) she never demonstrated that the Chinese government was or would become aware of her religious practice. Thus, in the absence of “solid support” for Zhao’s assertion that she will be subjected to persecution, the agency reasonably found that her fear was too speculative to merit relief. See Jian Xing Huang, 421 F.3d at 129.
Accordingly, the agency reasonably denied Zhao’s asylum application. As Zhao’s application for withholding of removal and CAT relief was based on the same factual predicate as her application for asylum, the agency properly denied those claims as well.[2] See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. To the extent that Zhao raises illegal departure and family planning claims for the first time in this Court, we decline to consider those unexhausted arguments. Lin Zhong v. U.S. Dep’t. of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).